UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| v. | * | |
| BOSTON AND MAINE CORPORATION, | * | Civil Action No. 13-10087-IT |
| Defendant, | * | |
| v. | * | |
| TOWN OF AYER, MASSACHUSETTS, | * | |
| Third-Party Defendant. | * | |

ORDER

February 20, 2015

TALWANI, D.J.

Before the court are Defendant Boston and Maine Corporation's ("B&M") <u>Motion to Compel Production of Documents From the United States</u> [#55] and Plaintiff United States' <u>Motion to Limit the Scope of Judicial Review Pursuant to Section 113(J) of CERCLA</u> [#57]. In its motion to compel, B&M challenges the United States' refusal to produce certain documents concerning two adjacent properties on the former Fort Devens, referred to as the 1942 Parcel (or Roundhouse Site) and the Pond Parcel (or Plow Shop Pond). In particular, B&M seeks documents "reflecting or discussing on-site activity by the United States" on the two parcels from 1986 to the present as well as communications concerning any such activity between (1) the U.S. Army and the Environmental Protection Agency, and (2) those agencies and other third parties. B&M's Mot. Compel Produc. Docs. From United States, 2-4. These documents, B&M asserts, "may shed light on (and perhaps refute) the United States' characterization" of its

1

activity on the parcels as removal actions. Id. at 4. B&M emphasizes that it does not challenge the adequacy or reasonableness of the government's actions, but rather challenges the government's characterization of those actions as removal actions. Id. at 5.

Opposing B&M's motion, the United States moves to limit the scope of judicial review of "the characterization, selection, adequacy, or implementation" of the activities undertaken by the government on the two parcels to "the administrative record under the arbitrary and capricious standard." United States' Supplemental Mem. Supp. Mot. Limit Scope Judicial Review, 11 [#69]. The United States argues that 42 U.S.C. § 9613(j) imposes such a limit on the court's review.

As an initial matter, the court finds that § 9613(j) does not limit judicial review of the government's <u>characterization</u> of its actions taken pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601, et seq. to an arbitrary and capricious standard. Section 9613(j) provides that

> (1) Limitation
>
> In any judicial action under this chapter, judicial review of any issues concerning the adequacy of any response action taken or ordered by the President shall be limited to the administrative record. Otherwise applicable principles of administrative law shall govern whether any supplemental materials may be considered by the court.
>
> (2) Standard
>
> In considering objections raised in any judicial action under this chapter, the court shall uphold the President's decision in selecting the response action unless the objecting party can demonstrate, on the administrative record, that the decision was arbitrary and capricious or otherwise not in accordance with law.

Section 9613(j)(1)-(2). By its plain text, these provisions govern review of "the adequacy of any response action taken or ordered by the President" and "the President's decision in selecting the response action." Id. They do not govern review of the legal question as to whether the actions

actually taken fall within the statutory definition of a removal or remedial action. See New York v. Next Millenium Realty, LLC, 732 F.3d 117, 126 (2d Cir. 2013) ("Whether a suit to recover response costs under section 107 of CERCLA is a 'removal action' or a 'remedial action' is a question of law that we review de novo."); United States v. W.R. Grace & Co., 429 F.3d 1224, 1234–35 (9th Cir. 2005) ("Whether the EPA's cleanup activity was a removal action—or, on the other hand, a remedial action in removal action's clothing—is a question of statutory interpretation. . . . and the classification of the activity is determined as a matter of law."); see id. at 1236 ("Despite the EPA's insistence that arbitrary and capricious review applies to all aspects of our inquiry, the statute does not support this reading. . . . Here we address not the EPA's selection of its remedy, but rather whether the actions taken fall within the statutory definition of a removal."); Colorado v. Sunoco, Inc., 337 F.3d 1233, 1242 (10th Cir. 2003) ("Nothing in § 9613(j)(2) refers to the EPA's characterization of a particular action . . . . Instead, [its] plain language . . . grants deference only to the EPA's 'decision in selecting the response action' at issue. In other words, § 9613(j)(2) is aimed at protecting the EPA's decision to engage in a particular removal or remedial action . . . .").

Whether B&M is entitled to the documents it seeks is a different question, informed by § 9613(j)'s limitations and administrative law principles. As a starting point, the court notes that "[u]nder CERCLA, judicial review normally is limited to the administrative record as it existed at the time of the challenged agency action." United States v. JG-24, Inc., 478 F.3d 28, 33–34 (1st Cir. 2007). Accordingly, in conducting de novo review of the proper characterization of the government's actions, for the time period with a closed administrative record (through January 2001 for the 1942 Parcel and June 2014 for the Pond Parcel) the court will generally look at the facts relating to the actions actually taken by the government as set forth in the administrative

3

record and will make an independent determination as to whether those actions constitute a removal or remedial action as a matter of law.

In its motion, B&M requests the production of certain communications created both before and after the commencement of on-site activity at the 1942 Parcel and Pond Parcel, arguing that this information is relevant because it may shed light on the United States' characterization of its actions. The court disagrees. Documents reflecting internal communications and opinions made within and among government agencies and made between government agencies and third parties concerning the government's actions bear more on the deliberative process leading to the government's selection and adequacy of a response action and whether the reasons given for such action were justified, discovery of which is expressly limited by § 9613(j). Moreover, the subjective intentions of government personnel and contractors do not directly bear on the legal characterization of the actions actually taken by the government.

Discovery of factual materials created <u>after</u> the commencement of on-site activity that document the actions actually taken by the government (rather than their characterizations of those actions), such as invoices and reports submitted by contractors, presents a closer question. Supplementation of the administrative record in certain circumstances may be appropriate; for instance, such as when there is a showing of bad faith by the agency or that the record is incomplete. <u>See, e.g.</u>, <u>Emhart Indus., Inc. v. New England Container Co.</u>, Nos. 06–218 S, 11–023 S, 2014 WL 2815674, at *1 (D.R.I. June 20, 2014) (listing possible reasons for supplementation of the record). The court notes, nonetheless, that but for its trifurcation of this action, B&M would have been permitted to discover invoices and contractor reports documenting the specific actions taken for which B&M may be held liable. In the interest of avoiding any prejudice to B&M as a result of the procedural order, discovery of invoices and

4

contractor reports documenting the specific actions taken after commencement of on-site activity will be permitted at this stage. Such material for periods covered by the closed administrative record will be considered by the court on a summary judgment motion concerning the statute of limitations only on an appropriate showing as to why the court may look beyond the administrative record in determining the factual record in this particular case.

For these reasons, B&M's <u>Motion to Compel Production of Documents From the United States</u> [#55] and the United States' <u>Motion to Limit the Scope of Judicial Review Pursuant to Section 113(J) of CERCLA</u> [#57] are hereby GRANTED IN PART and DENIED IN PART. Discovery shall proceed in accordance with this order.

IT IS SO ORDERED.

Date:   February 20, 2015                                             /s/ Indira Talwani
                                                                      United States District Judge